IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALEXIS NORMAN, et al., on their own and on behalf of those inmates similarly situated, | § § § | |
| Petitioners, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-747-P |
| | § | |
| MICHAEL CARR, Warden,[1] | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a pleading entitled "Emergency Intervention to Protect the Health and Lives of Inmates at FMC-Carswell Womens Federal Prison under 28 USC 2241 Due to the Uncontrollable Outbreak of COVID-19" (ECF No. 1) sent by Petitioners, Alexis Norman and Joyce Godwin, to the clerk of Court for filing. The Court construes the pleading as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. After having considered the petition and relief sought by Petitioners, the Court has concluded that the petition should be summarily dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Petitioners are inmates at FMC-Carswell. By way of this petition, they complain that, in violation of the prohibition against cruel and unusual punishment, prison officials are

---

[1] Petitioner names "William Carr, Warden, FMC-Carswell" as Respondent, however the current warden at FMC-Carswell is Michael Carr. The clerk of Court is therefore directed to substitute "Michael Carr, Warden, FMC-Carswell" as the proper party respondent.

deliberately indifferent to the conditions of their confinement in light of the COVID-19 pandemic—most notably, the lack of COVID-19 testing for prison staff, lack of social distancing for inmates, and overcrowding—and that of similarly situated inmates at FMC-Carswell. Pet. 3-9, ECF No. 1. They seek an order compelling FMC-Carswell to

(1)     immediately comply with the "BOP Cares Act/Home Confinement Guidelines" released on April 22, 2020 as a "population management strategy" during the COVID-19 pandemic due to the current risk factors at FMC-Carswell;

(2)     implement a social distancing strategy that is consistent with CDC Guidelines for correctional facilities and function in an effective and safe manner consistent with inmate rights to be provided religious services, recreational services, programming, rehabilitate services, food, and care and shelter that are consistent with BOP policies and meet the basic human needs of inmates; and

(3)     provide mandatory staff testing to prevent inmate reinfection within the institution to avoid a humanitarian crisis during the Fall and Winter season.

*Id.* at 10-11.

## DISCUSSION

Title 28, United State Code, § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[2]

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

2

Therefore, no service has issued upon Respondent.

Generally in this circuit habeas relief is not available to review questions unrelated to the cause of a prisoner's detention, and a court has no power to entertain the kind of injunctive relief sought by Petitioners. *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). The "sole function" of habeas is to grant relief from unlawful imprisonment or custody, and it cannot be used properly for any other purpose. *Id.* Where a prisoner challenges the conditions of his or her confinement or prison procedures, the proper vehicle is a civil rights action if a determination in the prisoner's favor would not automatically result in his or her accelerated release. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997).

Petitioners do not challenge the validity of their sentences or convictions or the BOP's administrative calculation of their release dates, which is traditionally the "essence" of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 498-500 (1973). It is the nature of the substantive legal claim itself and the pertinent factual allegations—in addition to the relief sought—that determines whether the claim challenges "the validity of confinement" and thus sounds in habeas corpus. *Hill v. McDonough,* 547 U.S. 573, 579-81 (2006). Petitioners' claims challenging unconstitutional conditions of confinement do not sound in traditional habeas corpus. Thus, a § 2241 habeas petition is not the proper vehicle for raising their claims, and this Court lacks jurisdiction to consider the petition and grant the relief requested. *See Cheek v. Warden,* No. 4:20-CV-677-P, 2020 WL 3637627, at *1 (N.D. Tex. July 1, 2020); *Provines v. Wilson,* No. 4:20-CV-475-O, 2020 WL 2762563, at *2 (N.D. Tex.

May 20, 2020); *Sanchez v. Brown,* No. 3:20-CV-832-E, 2020 WL 2615931, at *12 (N.D. Tex. May 22, 2020). Nor do Petitioners establish an alternate independent basis for jurisdiction.

### CONCLUSION

For the reasons discussed, Petitioners' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction. A certificate of appealability is **DENIED**.

**SO ORDERED** on this **21st day** of **July, 2020.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

4